ORIGINAL
FILED

OCT – 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
Mark F. Anderson (SBN 44787)
Andrew J. Ogilvie (SBN 057932)
Carol McLean Brewer  (SBN 214035)
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel:    (415) 861-2265
Fax:    (415) 861-3151
Email: mark@kabolaw.com

Attorneys for Plaintiff Ernestine Taylor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SBA

| | |
|---|---|
| ERNESTINE TAYLOR,<br><br>        Plaintiff,<br><br>   vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; and<br>RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California corporation;<br><br>        Defendants. | Case No.<br><br>C 07 5156<br><br>COMPLAINT<br><br>and<br><br>JURY TRIAL DEMAND<br><br>BY FAX |

1.    This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

## PARTIES

2.    Plaintiff Ernestine Taylor is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in the City and County of San Francisco.

3.    Defendant Rickenbacker Group, Inc. dba Rickenbacker Collections, a

1  California corporation, ("Rickenbacker") has its principal place of business in Gilroy,

2  California. Rickenbacker Collections is both a "person" as defined by 15 USC § 1681a(b)

3  and a "user" of consumer credit information as said term is used in the FCRA, including

4  15 USC § 1681b.

5      4.    Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer

6  reporting agency that compiles and maintains files on consumers on a nationwide basis" as

7  defined in 15 U.S.C. §§ 1681a(f) and (p).

8                                    **JURISDICTION**

9      5.    This court has jurisdiction under 28 U.S.C. § 1331. Defendants were

10  authorized to and have been doing business within this district at all relevant times.

11                                       **VENUE**

12      6.    The activities alleged herein occurred within this district.

13                                       **FACTS**

14      7.    On or about June 27, 2006, a towing company, Auto Return, towed

15  plaintiff's car at the direction of the San Francisco Police. Plaintiff did not voluntarily

16  have her car towed. Plaintiff did not ask the towing company to tow her car.

17      8.    Plaintiff did not retrieve the vehicle. On September 18, 2006, Auto Return

18  sent plaintiff a notice stating that the vehicle had been sold. Auto Return claimed she

19  owed a deficiency of $1,671.75 for towing, storage, transfer, lien and other fees.

20      9.    On October 2, 2006, defendant Rickenbacker notified plaintiff that the

21  account had been assigned to it. Rickenbacker said she owed $1,370.50.

22      10.    On October 4, 2006, Rickenbacker requested, obtained and used plaintiff's

23  consumer report from defendant Experian and Experian provided (by computer or

24  otherwise) plaintiff's consumer report to Rickenbacker.

25      11.    In January 2007, Rickenbacker reported to Experian that it had a past due

26  collection account with plaintiff in the amount of $1,335. This report continues to date to

Complaint—*Taylor v Experian et al*                                                    2

1   appear on plaintiff's Experian credit report.

2       12.    In April 2007, plaintiff applied for credit from Patelco Credit Union in San

3   Francisco for $1,500 to use towards purchasing a car for her grandaughter. Patelco

4   refused because of the Rickenbacker entry on her Experian report.

5       13.    On April 17, 2007, plaintiff purchased a car for her granddaughter from a

6   used car dealer in San Francisco. The dealer informed her that Experian was reporting her

7   credit score was 615. (Prior to Rickenbacker reporting the account to Experian, plaintiff

8   believes her credit score was over 700). Because of the lowered credit score, plaintiff had

9   to agree to pay 16.99% to finance the car.

10       14.    On June 20, 2007, plaintiff disputed the Rickenbacker report on her credit

11   report. Plaintiff informed Experian that she never asked for credit from Auto Return or

12   Rickenbacker and for that reason the information should not be on her credit report.

13       15.    On July 6, 2007, Experian sent plaintiff the results of its investigation

14   stating that the credit item reported by Rickenbacker would remain on her credit reports

15   until March 2013.

16       16.    Plaintiff is informed and believes that before June 2006, Rickenbacker

17   Collections and Experian entered into a written subscriber agreement in which Experian

18   agreed to provide consumer reports to Rickenbacker Collections for certain permissible

19   and lawful purposes described under the FCRA and set forth in said written subscriber

20   agreement.

21       17.    Rickenbacker Collections did not have a lawful purpose for requesting,

22   obtaining and using plaintiff's consumer report from Experian on October 4, 2006, and

23   therefore Rickenbacker Collections's request, acquisition and use of plaintiff's consumer

24   report was a violation of the FCRA.

25       18.    On information and belief, plaintiff alleges that various individuals whose

26   names and capacities are presently unknown to plaintiff, requested, obtained and used

plaintiff's consumer report on or around October 4, 2006, while acting for and within the scope of their business relationship with Rickenbacker Collections. Said individuals did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore their request, receipt and use of plaintiff's consumer report was in violation of the FCRA. Plaintiff will seek leave to amend this complaint to add said individuals as defendants as soon as their identities have been obtained.

**First Claim for Relief—Violation of FCRA by Defendant Rickenbacker for Accessing of Plaintiff's Credit Information**

19.     Plaintiff realleges ¶¶ 1-18 herein.

20.     Defendant Rickenbacker negligently and willfully violated the FCRA by obtaining a consumer report on plaintiff without having a permissible purpose in violation of 15 USC § 1681b.

21.     As a result of the negligent and willful violations of the FCRA by Rickenbacker, plaintiff suffered actual damages. The damages she suffered include denials of credit, increased costs for credit, lost opportunities to obtain credit and/or lost opportunities to obtain credit at lower rates, damage to her reputation and emotional distress, for which she seeks damages in an amount to be determined. In addition plaintiff seeks statutory damages for Rickenbacker's willful violations of the FCRA pursuant to 15 USC § 1681n(a)(1)(A) and 1681n(a)(1)(B). Additionally, plaintiff seeks punitive damages pursuant to 15 USC § 1681n(a)(2).

**Second Claim for Relief—Violation of FCRA by Defendant Experian for Providing Plaintiff's Credit Information to Rickenbacker**

22.     Plaintiff realleges ¶¶ 1-18 as though fully set forth herein.

23.     Defendant Experian negligently and willfully furnished a consumer report on plaintiff to defendant Rickenbacker and its agents and employees, whom it should have known did not have a permissible purpose within the scope of 15 USC § 1681b and thus violated the FCRA.

Complaint—*Taylor v Experian et al*                                                                          4

24.     Experian violated 15 USC § 1681e by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed in § 1681b.

25.     As a result of said conduct by Experian, plaintiff suffered actual damages, including denial of credit, increased costs for credit, lost opportunities to obtain credit or to obtain credit at lower rates, damage to her reputation and emotional distress, for which she seeks damages in an amount to be determined or $1,000, whichever is greater, 15 USC § 1681n(a) and § 1681o(a). In addition plaintiff seeks punitive damages, 15 USC § 1681n(a)(2).

**Third Claim for Relief –Experian's Failure to Maintain Reasonable Procedures to Ensure Maximum Possible Accuracy**

26.     Plaintiff realleges ¶¶ 1-18 as though fully set forth herein.

27.     Experian is required to use reasonable procedures to ensure maximum possible accuracy of the information reported pursuant to15 USC § 1681e(b) and it must delete any information that "is found to be inaccurate or incomplete or cannot be verified…" pursuant to 15 USC 1681i(a)(5)(A).

28.     Defendant Experian negligently and willfully failed to comply with these requirements of FCRA.

29.     As a result of Experian's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress and statutory and punitive damages for which plaintiff seeks damages in an amount to be determined by the jury.

**Fourth Claim for Relief—Experian's Failure to Reinvestigate Disputed Information**

30.   Plaintiff realleges and incorporates ¶¶ 1-18, 29.

31.   After plaintiff disputed the account information Rickenbacker provided to

Experian, Experian was required by 15 USC 1681i(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Experian was required to send all relevant information to the furnisher, Rickenbacker.

32.  Defendants Experian negligently and willfully violated § 1681i.

**Fifth Claim for Relief—Rickenbacker's Reporting Inaccurate Information to Experian and Rickenbacker's Failure to Reinvestigate**

33.  Plaintiff realleges and incorporates ¶¶ 1-18, 21.

34.  15 USC 1681s-2 prohibits furnishers such as Rickenbacker from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

35.  Defendant Rickenbacker violated section 1681s-2 by reporting account information that was not the result of an extension of credit and therefore did not qualify as information that could be legally reported to a consumer reporting agency.

36.  On information and belief, defendant Experian provided notice to Rickenbacker that plaintiff was disputing the inaccurate information, but Rickenbacker failed to reinvestigate the information as required by the FCRA, 15 USC 1681s-2(a)(E).

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

**First and Fifth Claims for Relief** (against Rickenbacker):

1.  Actual and/or statutory damages;

2.  Punitive damages;

3.  Attorneys fees, and

4.  Costs and expenses incurred in the action.

**Second, Third and Fourth Claims for Relief** (against Experian Information Solutions, Inc.):

1.  Actual and/or statutory damages;

2.  Punitive damages;

3.    Attorneys fees, and

4.    Costs and expenses incurred in the action.

Dated: October 4, 2007.

KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By:    Mark F. Anderson
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

By:  Mark F. Anderson
Attorney for Plaintiff

Complaint—*Taylor v Experian et al*

7