1  David L. Wallach (State Bar No. 233432)
   dwallach@jonesday.com
2  JONES DAY
   555 California Street
3  San Francisco, CA  94105
   Telephone:   (415) 626-3939
4  Facsimile:   (415) 875-5700

5  Of Counsel
   Cindy W. Andrew (TX State Bar No. 00796128)
6  candrew@jonesday.com
   JONES DAY
7  2727 North Harwood Street
   Dallas, TX  75201
8  Telephone:   (214) 220-3939
   Facsimile:   (214) 969-5100

9
   Attorneys for Defendant
10 EXPERIAN INFORMATION SOLUTIONS, INC.

11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13

14
   **ERNESTINE TAYLOR**                    Case No. C-07-5156SBA
15
           **Plaintiff,**                  **EXPERIAN INFORMATION
16                                         SOLUTIONS, INC.'S ORIGINAL
       **v.**                              ANSWER AND AFFIRMATIVE
17                                         DEFENSES**
   **EXPERIAN INFORMATION
18 SOLUTIONS, INC., a Ohio corporation;
   and
19 RICKENBACKER GROUP, INC. dba
   RICKENBACKER COLLECTIONS, a
20 California corporation;**

21         **Defendant.**

22
           Defendant Experian Information Solutions, Inc. ("Experian") files its Original Answer
23
   and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint") filed by Ernestine
24
   Taylor as follows:
25
       1.      In response to the averments contained in paragraph 1 of the Complaint, Experian
26
   admits that plaintiff's action is brought pursuant to the FCRA.  Experian, however, expressly
27
   denies that it is liable to plaintiff or that plaintiff is in any way entitled to relief from Experian.
28

1 Experian denies the remaining averments of paragraph 1.

2. In response to the averments contained in paragraph 2 of the Complaint, Experian admits that plaintiff is a "consumer" as defined by the FCRA. Experian denies the remaining averments of paragraph 2.

3. In response to the averments contained in paragraph 3 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 3.

4. In response to the averments contained in paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined in the FCRA and as such, receives credit information and other information on consumers for the purpose of furnishing consumer reports to third parties as defined by the FCRA. Experian denies the remaining averments of paragraph 4.

5. In response to the averments contained in paragraph 5 of the Complaint, Experian admits that it is authorized to do business, and is doing business, in California, and as a result, this Court has jurisdiction under 28 U.S.C. § 1331. Experian denies the remaining averments contained in paragraph 5 of the Complaint.

6. In response to the averments contained in paragraph 6 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to plaintiff and/or other defendants and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 6 of the Complaint.

7. In response to the averments contained in paragraph 7 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to plaintiff and/or other third parties and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 7 of the Complaint.

8. In response to the averments contained in paragraph 8 of the Complaint, Experian

1  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
2  averments that purport to apply to plaintiff and/or other defendants and, on that basis, denies
3  those averments.  Experian denies the remaining averments contained in paragraph 8 of the
4  Complaint.

5    9. In response to the averments contained in paragraph 9 of the Complaint, Experian
6  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
7  averments that purport to apply to plaintiff and/or other defendants and, on that basis, denies
8  those averments.  Experian denies the remaining averments contained in paragraph 9 of the
9  Complaint.

10    10. In response to the averments contained in paragraph 10 of the Complaint, Experian
11  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
12  averments that purport to apply to other defendants and/or third parties and, on that basis, denies
13  those averments.  Experian further states that it has not yet completed its investigation with regard
14  to its reporting of plaintiff's credit information.  Therefore, Experian is without knowledge or
15  information sufficient to form a belief as to the truth or the falsity of the averments that purport to
16  apply to plaintiff's credit report and, on that basis, denies those averments.  Experian denies the
17  remaining averments of paragraph 10.

18    11. In response to the averments contained in paragraph 11 of the Complaint, Experian
19  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
20  averments that purport to apply to other defendants and, on that basis, denies those averments.
21  Experian further states that it has not yet completed its investigation with regard to its reporting of
22  plaintiff's credit information.  Therefore, Experian is without knowledge or information sufficient
23  to form a belief as to the truth or the falsity of the averments that purport to apply to plaintiff's
24  credit report and, on that basis, denies those averments.  Experian denies the remaining averments
25  of paragraph 11.

26    12. In response to the averments contained in paragraph 12 of the Complaint, Experian
27  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
28  averments that purport to apply to plaintiff and/or third parties and, on that basis, denies those

1  averments. Experian further states that it has not yet completed its investigation with regard to its

2  reporting of plaintiff's credit information. Therefore, Experian is without knowledge or

3  information sufficient to form a belief as to the truth or the falsity of the averments that purport to

4  apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

5  remaining averments of paragraph 12.

6      13.    In response to the averments contained in paragraph 13 of the Complaint, Experian

7  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

8  averments that purport to apply to plaintiff and/or third parties and, on that basis, denies those

9  averments. Experian further states that it has not yet completed its investigation with regard to its

10 reporting of plaintiff's credit information. Therefore, Experian is without knowledge or

11 information sufficient to form a belief as to the truth or the falsity of the averments that purport to

12 apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

13 remaining averments of paragraph 13.

14     14.    In response to the averments contained in paragraph 14 of the Complaint, Experian

15 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

16 averments that purport to apply to plaintiff and/or third parties and, on that basis, denies those

17 averments. Experian further states that it has not yet completed its investigation with regard to its

18 reporting of plaintiff's credit information. Therefore, Experian is without knowledge or

19 information sufficient to form a belief as to the truth or the falsity of the averments that purport to

20 apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

21 remaining averments of paragraph 14.

22     15.    In response to the averments contained in paragraph 15 of the Complaint, Experian

23 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

24 averments that purport to apply to plaintiff and/or third parties and, on that basis, denies those

25 averments. Experian further states that it has not yet completed its investigation with regard to its

26 reporting of plaintiff's credit information. Therefore, Experian is without knowledge or

27 information sufficient to form a belief as to the truth or the falsity of the averments that purport to

28 apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

1  remaining averments of paragraph 15.

2      16.    In response to the averments contained in paragraph 16 of the Complaint, Experian

3  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

4  averments that purport to apply to plaintiff and/or third parties and, on that basis, denies those

5  averments. Experian further states that it has not yet completed its investigation with regard to its

6  reporting of plaintiff's credit information. Therefore, Experian is without knowledge or

7  information sufficient to form a belief as to the truth or the falsity of the averments that purport to

8  apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

9  remaining averments of paragraph 16.

10      17.    In response to the averments contained in paragraph 17 of the Complaint, Experian

11  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

12  averments that purport to apply to other defendants and/or third parties and, on that basis, denies

13  those averments. Experian denies the remaining averments of paragraph 17.

14      18.    In response to the averments contained in paragraph 18 of the Complaint, Experian

15  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

16  averments that purport to apply to the other defendants and/or third parties and, on that basis,

17  denies those averments. Experian further states that it has not yet completed its investigation with

18  regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge

19  or information sufficient to form a belief as to the truth or the falsity of the averments that purport

20  to apply to plaintiff's credit report and, on that basis, denies those averments. Experian denies the

21  remaining averments of paragraph 18.

22      19.    Paragraph 19 of the Complaint does not require an answer because it does not

23  include any factual averments. To the extent an answer is required, Experian denies the

24  averments in paragraph 19.

25      20.    In response to the averments contained in paragraph 20 of the Complaint, Experian

26  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

27  averments that purport to apply to the other defendants and/or third parties and, on that basis,

28  denies those averments. Experian denies the remaining averments of paragraph 20.

- 5 -

EXPERIAN'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

21.  In response to the averments contained in paragraph 21 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to the other defendants and/or third parties and, on that basis, denies those averments.  Experian denies the remaining averments of paragraph 21.

22.  Paragraph 22 of the Complaint does not require an answer because it does not include any factual averments.  To the extent an answer is required, Experian denies the averments in paragraph 22.

23.  In response to the averments contained in paragraph 23 of the Complaint, Experian expressly denies that it violated the FCRA, either negligently or intentionally.  Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian.  Experian denies the remaining averments contained in paragraph 23 of the Complaint.

24.  In response to the averments contained in paragraph 24 of the Complaint, Experian expressly denies that it violated the FCRA, either negligently or intentionally.  Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian.  Experian denies the remaining averments contained in paragraph 24 of the Complaint.

25.  In response to the averments contained in paragraph 25 of the Complaint, Experian expressly denies that it violated the FCRA, either negligently or intentionally.  Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian.  Experian denies the remaining averments contained in paragraph 25 of the Complaint.

26.  Paragraph 26 of the Complaint does not require an answer because it does not include any factual averments.  To the extent an answer is required, Experian denies the averments of paragraph 26.

27.  In response to the averments contained in paragraph 27 of the Complaint, Experian expressly denies that it violated the FCRA, either negligently or intentionally.  Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief

1  whatsoever against Experian. Experian denies the remaining averments contained in
2  paragraph 27 of the Complaint.
3      28.    In response to the averments contained in paragraph 28 of the Complaint, Experian
4  expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore,
5  Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief
6  whatsoever against Experian. Experian denies the remaining averments contained in
7  paragraph 28 of the Complaint.
8      29.    In response to the averments contained in paragraph 29 of the Complaint, Experian
9  expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore,
10 Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief
11 whatsoever against Experian. Experian denies the remaining averments contained in
12 paragraph 29 of the Complaint.
13     30.    Paragraph 30 of the Complaint does not require an answer because it does not
14 include any factual averments. To the extent an answer is required, Experian denies the
15 averments of paragraph 30.
16     31.    In response to the averments contained in paragraph 31 of the Complaint, Experian
17 expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore,
18 Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief
19 whatsoever against Experian. Experian denies the remaining averments contained in
20 paragraph 31 of the Complaint.
21     32.    In response to the averments contained in paragraph 32 of the Complaint, Experian
22 expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore,
23 Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief
24 whatsoever against Experian. Experian denies the remaining averments contained in
25 paragraph 32 of the Complaint.
26     33.    Paragraph 33 of the Complaint does not require an answer because it does not
27 include any factual averments. To the extent an answer is required, Experian denies the
28 averments of paragraph 33.

1    34.    In response to the averments contained in paragraph 34 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 34.

35.    In response to the averments contained in paragraph 35 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 35.

36.    In response to the averments contained in paragraph 36 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 36.

37.    In response to the averments contained in the unnumbered paragraph beginning "Wherefore" and each of its subparts, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian. Experian denies the remaining averments of these unnumbered paragraphs.

**AFFIRMATIVE DEFENSES**

38.    In addition to the responses to the individual paragraphs above, Experian further pleads the following affirmative defenses.

**FIRST DEFENSE**

39.    As an affirmative defense, Experian states that the injuries and damages allegedly sustained by plaintiff were directly and proximately caused by the acts of others.

**SECOND DEFENSE**

40.    As an affirmative defense, Experian states that plaintiff's rights of recovery are barred by the doctrines of waiver, estoppel or laches and by the statute of limitations as set out in 15 U.S.C. §1681p, and any other applicable statute of limitations.

**THIRD DEFENSE**

41.    As an affirmative defense, Experian states that plaintiff's claims against Experian

1   are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## FOURTH DEFENSE

42.  As an affirmative defense, Experian states that plaintiff's rights of recovery based upon any alleged action or proceeding under state or common law are barred pursuant to 15 U.S.C. §1681h(e).

## FIFTH DEFENSE

43.  As an affirmative defense, Experian states that all or part of the damages allegedly suffered by plaintiffs in this action were caused by plaintiff's failure to mitigate damages as required by law.

## SIXTH DEFENSE

44.  As an affirmative defense, Experian states that plaintiff is barred from recovery to the extent plaintiff was contributorily and/or comparatively negligent.

## SEVENTH DEFENSE

45.  As an affirmative defense, Experian states that the complaint fails to state a claim upon which relief can be granted to the plaintiffs and should be dismissed.

## EIGHTH DEFENSE

46.  As an affirmative defense, Experian states that any claims for punitive or exemplary damages violate Experian's right to due process of law under the United States and California Constitutions.

## PRAYER

WHEREFORE, defendant Experian prays that plaintiff take nothing as a result of this suit, that this action be dismissed in its entirety, and that Experian be awarded all costs, including reasonable attorney's fees, and other relief that the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: November 5, 2007 | JONES DAY |
| 2 | | |
| 3 | | By:  /S/ David L. Wallach |
| 4 | | David L. Wallach<br>California Bar No. 233432<br>JONES DAY |
| 5 | | 555 California Street<br>San Francisco, CA  94105 |
| 6 | | Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |
| 7 | | dwallach@jonesday.com |
| 8 | | Cindy W. Andrew<br>Of Counsel |
| 9 | | Texas Bar No. 00796128<br>JONES DAY |
| 10 | | 2727 North Harwood Street<br>Dallas, Texas  75201-1515 |
| 11 | | Telephone:  (214) 220-3939<br>Facsimile:  (214) 969-5100 |
| 12 | | candrew@jonesday.com |
| 13 | | Attorneys for Defendant |
| 14 | | EXPERIAN INFORMATION SOLUTIONS, INC. |

DLI-6151427v1

EXPERIAN'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing have been served on Mark F. Anderson, Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP, 445 Bush Street, 6th Floor, San Francisco, California 94108, counsel for plaintiff, and all other counsel of record via the electronic filing system this 5th day of November, 2007.

          /S/ David L. Wallach
          David L. Wallach