Mark E. Ellis – 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LaVOIE
  & STEINHEIMER, LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Telephone:    (916) 283-8820
Facsimile:    (916) 283-8821

Attorneys for Defendant RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; and RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California Corporation<br><br>    Defendants. | Case No.:  C 07 5156 SBA<br><br>**DEFENDANT RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California Corporation ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

   Defendant RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, hereby responds to plaintiff's Complaint.

   1.   As to Paragraph 1, Defendant denies that it violated the federal FCRA, **15 U.S.C. §§ 1618,** *et seq.*  Defendant is without knowledge or information sufficient to form a belief as to the remaining averments, and on that basis denies these allegations.

   2.   As to Paragraphs 2, 4, 6-8, 11-15, 24, 27-29, and 32, Defendant is without knowledge or information sufficient to form a belief as to the allegations in these paragraphs, and on that basis denies these allegations.

   3.   As to paragraph 3, Defendant denies that it was a user of consumer credit information as

ANSWER TO PLAINTIFF'S COMPLAINT BY RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California Corporation

1  to Plaintiff, and denies that § 1691b defines "user," and admits the remaining averments.

2      4.    As to Paragraphs 5, and 34, defendant admits these averments.

3      5.    Defendant denies the averments in Paragraphs 10, 17-18, 20-21, 23, 25, 31, and 35-36.

4      6.    As to Paragraph 9, Defendant admits that on or about October 2, 2006, Defendant notified plaintiff that the account had been assigned to Defendant and that Plaintiff owed approximately $1,370.50.

7      7.    As to Paragraph 19, 22, and 26, defendants incorporate by reference their responses to Paragraphs 1 through 18, as if fully set forth herein.

9      8.    As to Paragraph 30, defendants incorporate by reference their responses to Paragraphs 1 through 18 and 29, as if fully set forth herein.

11      9.    As to Paragraph 33, defendants incorporate by reference their responses to Paragraphs 1 through 18 and 21, as if fully set forth herein.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matter constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

37. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action as to this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

38. Defendant alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

39. Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

40. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said

ANSWER TO PLAINTIFF'S COMPLAINT BY RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California Corporation

negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

41. Defendant is informed and believes, and thereon alleges that Plaintiff failed to use the procedures available to create a private right of action under **15 U.S.C. § 1692i,** and Plaintiff thus has no standing to pursue this action against this answering defendant under **15 U.S.C. § 1681s-2(d).**

### SIXTH AFFIRMATIVE DEFENSE

42. Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

43. Defendant alleges that it has no civil liability under the FCRA, including, but not limited to **15 U.S.C. § 1681m(c),** as any violation was unintentional, despite this defendant's maintenance of reasonable procedures to assure compliance and avoid any violation.

### EIGHTH AFFIRMATIVE DEFENSE

44. Defendant alleges that any representations or statements alleged to have been made by or on behalf of this answering defendant were true, accurate at the time made, and /or otherwise made in good faith and with reasonable belief as to their validity and accuracy.

### NINTH AFFIRMATIVE DEFENSE

45. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the interested-person privilege embodied either in **California Civil Code § 47(c)** or under state and federal common law.

### TENTH AFFIRMATIVE DEFENSE

46. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

47. This answering defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in plaintiff's complaint, and the causes of action alleged therein, were consented to by the plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

48. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrine of Waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

49. This answering defendant is informed and believes and thereon alleges that any actions taken by this answering defendant alleged in plaintiff's Complaint, were fair, not unconscionable, and effected by non-deceptive and lawful means.

**FOURTEENTH AFFIRMATIVE DEFENSE**

50. This answering defendant is informed and believes and thereon alleges that the plaintiff's alleged causes of action may be seeking punitive damages, attempting to take advantage of statutory law of the State of California and decisions of the California Supreme Court with respect to allowing punitive damages. The decisions of law, if applied in this case, would contravene this answering defendant's constitutional rights to substantive and procedural due process of law as preserved for this defendant by the Fourteenth Amendment of the United States Constitution, and further would constitute a denial by this Court of these answering defendants' constitutional right to equal protection under the law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual punishment as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking a private property for public use without just compensation, and such taking would contravene these answering defendants' constitutional rights preserved by the Fourteenth Amendment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

51. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

**SIXTEENTH AFFIRMATIVE DEFENSE**

52. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendant

- 4 -

reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;

2. That Plaintiff's Complaint be dismissed;

3. That this answering Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

4. For such other and further relief as the Court deems proper.

DATED: November 7, 2007

ELLIS, COLEMAN, POIRIER, LaVOIE & STEINHEIMER, LLP


By /s June D. Coleman
June D. Coleman
Attorneys for Defendant
RICKENBACKER GROUP, INC. dba
RICKENBACKER COLLECTIONS

### DEMAND FOR JURY TRIAL

Defendant, RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, hereby demands a jury trial in this matter.

DATED: November 7, 2007

ELLIS, COLEMAN, POIRIER, LaVOIE & STEINHEIMER, LLP


By /s June D. Coleman
June D. Coleman
Attorneys for Defendant
RICKENBACKER GROUP, INC. dba
RICKENBACKER COLLECTIONS

ANSWER TO PLAINTIFF'S COMPLAINT BY RICKENBACKER GROUP, INC. dba RICKENBACKER COLLECTIONS, a California Corporation