Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Plaintiff Ernestine Taylor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNESTINE TAYLOR,**<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.;**<br>　　　　Defendant. | Case No. C 07 5156SBA<br><br>**JOINT PRETRIAL STATEMENT**<br><br>**Hearing Date: January 30, 2008**<br>**Time: 2:45 PM (by telephone)**<br>**Courtroom 2, Oakland** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's September 26, 2007 Order Setting Initial Case Management Conference and ADR Deadlines. The parties hereby submit their Joint Case Management Statement:

**1.  BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA. All parties have been served.

**2.  STATEMENT OF FACTS**

**Plaintiff:**

Plaintiff Ernestine Taylor alleges that Experian and Rickenbacker Group violated the Fair Credit Reporting Act (FCRA). The facts are that a towing company, AutoZone, towed her car at the

direction of the San Francisco police department in June 2006. Thereafter, AutoZone demanded $1,671 for towing, storage, and various fees. After plaintiff failed to pay AutoZone, the debt was assigned to defendant Rickenbacker Group, a debt collector.

Rickenbacker accessed plaintiff's Experian credit report in October 2006. In January 2007, Rickenbacker reported the debt to Experian. Experian reported the debt as a collection account, which had the effect of lower plaintiff's credit score.

Plaintiff alleges that Rickenbacker was not entitled to access plaintiff's credit reports because plaintiff never sought or obtained credit from AutoZone. In *Pintos v Pacific Creditors Association*, 504 F.3d 792 (9th Cir. 2007), the facts were parallel to the facts in this case. Pintos alleged the defendant towing company had no right to access plaintiff's credit reports; the Court of Appeals agreed because Pintos never sought or obtained credit from the tow company. The Court also stated that defendant Experian was also liable; it had to do more than merely obtain a promise that its subscribers would obey the law. Instead, it must make a reasonable effort to make sure its subscribers were accessing consumers' credit information for legitimate purposes. 504 F.3d at 800.

**Defendants:**

Experian is a national credit reporting agency.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.  It serves as a conduit for credit information that it obtains from Experian's customers or "subscribers," which include banks, retailers, finance companies, and collection agencies.  Because its subscriber businesses have a direct relationship with consumers, Experian relies on its subscribers to provide information about the subscribers' customers, including identifying information, type and amount of credit extended, and credit performance.

Experian is still investigating Plaintiff's claims and his alleged communications with Experian.  As a result, Experian cannot comment on Plaintiff's specific factual allegations. Experian, however, denies that it violated the FCRA negligently or intentionally.  Experian

maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports. Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable. Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

**3. LEGAL ISSUES**

**Plaintiff:**

The issues are whether Experian made a reasonable effort to verify that Rickenbacker would only access credit reports for permissible purposes and whether Experian should have declined to do business with Rickenbacker if reasonable grounds existed to believe the credit information would be used for impermissible purposes.

**Defendants:**

Experian denies Plaintiff's claims. Experian maintains reasonable procedures to ensure that plaintiff's consumer credit report is disclosed only for permissible purposes.

**4. MOTIONS**

**Plaintiffs:**

Plaintiff does not anticipate filing any motions at this time.

**Defendants:**

Experian anticipates that it will file a motion for summary judgment or partial adjudication.

**5. AMENDMENT OF PLEADINGS**

The Parties do not intend to amend the currently filed pleadings

**6. EVIDENCE PRESERVATION**

**Plaintiff:**

Plaintiff will preserve relevant evidence, including electronically filed documents.

**Defendants:**

Experian is aware of its responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and are not aware of any document- or data-destruction program that would prevent them from fulfilling their responsibilities.

**7. DISCLOSURES**

The parties are making their Rule 26 initial disclosures on January 9, 2008. Plaintiff is

providing the defendants with all the relevant documents available to her at this time.

**8.    DISCOVERY**

The Parties do not require any limitations on discovery.  The Parties will meet and confer regarding the terms of a Proposed Stipulated Protective Order.

**Plaintiffs:**

Plaintiff may take depositions of persons most knowledgeable concerning the facts of this case.

**Defendants:**

Defendants will take the deposition of plaintiff, and of any other persons revealed by discovery to have personal knowledge of the matters in dispute.  Factual issues with respect to which discovery will be needed include:

- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information with Experian.
- Facts and circumstances surrounding Plaintiff's alleged dispute with Rickenbacker.
- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant furnishers of information.
- Whether Defendants Experian negligently and/or willfully violated the Fair Credit Reporting Act as it relates to furnishers of credit information.
- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.
- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.
- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laces.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

None

**11.    RELIEF**

Plaintiff is claiming damages for emotional distress, increased interest charges due to a lowered credit score, and, in addition, punitive damages.

**12. SETTLEMENT & ADR**

Plaintiff has reached a settlement with defendant Rickenbacker Group.

Plaintiff and Experian have filed a stipulation that they will mediate the case within 90 days of the court's order approving the stipulation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**Plaintiff:**

Plaintiff agrees to try the case before a Magistrate Judge.

**Defendants:**

Defendants do not agree to have this matter transferred to a Magistrate Judge.

**14. OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties agree it is premature to attempt to narrow the issues.

**16. EXPEDITED SCHEDULE**

The parties see no need for streamlined procedures or an expedited schedule.

**17. SCHEDULING**

The Parties request a trial date of July 2008 or such date as may be convenient to the Court.

**18. TRIAL**

Plaintiff requests a trial by jury. The parties estimate that this case will take approximately 3 to 5 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

Plaintiff has no financial disclosures to make. Defendants have filed their certification of interested parties. The persons identified by Defendant Experian are: "GUS, PLC," which is the parent company owning 100 percent of Experian Information Solutions, Inc."

1  Dated: January 9, 2008.

/s/Mark F. Anderson
2  Mark F. Anderson
Kemnitzer, Anderson, Barron & Ogilvie LLP
3  445 Bush Street, 6th Floor
San Francisco, CA 9411
4  Phone: (415) 623-3784, ext 101
Fax: (415) 861-3151
5  email: mark@kabolaw.com
Attorney for Plaintiff Ernestine Taylor
6

7  Dated: January 9, 2008.

/s/David L. Wallach
8  David L. Wallach
JONES DAY
9  555 California Street, 26th Floor
San Francisco, CA 94104-1500
10  Phone: (415) 875-5715
Fax: (415) 875-5700
11  email: dwallach@jonesday.com
Attorneys for Experian Information Solutions, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28